IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN HERBERT, | § | |
| | § | No. 373, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2005000034 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 11, 2023
Decided: November 7, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After careful consideration of the parties' briefs, the arguments of counsel, and the record on appeal, we conclude that:

(1)     Appellant's conviction should be affirmed on the basis of and for the reasons assigned by the Superior Court in its March 17, 2022 memorandum opinion and August 8, 2022 memorandum opinion.

(2)     Appellant also challenged the sentence imposed by the Superior Court in its September 15, 2022 sentencing order.  Appellant argues that the Superior Court erred in concluding that 11 *Del. C.* § 4205A(d)(1) established a five-year minimum mandatory sentence for appellant's conviction for Unlawful Sexual Contact First Degree.  After filing this appeal, appellant filed a motion in the Superior Court

raising the same argument.  The trial court deferred ruling on appellant's motion because appellant intended to raise the issue on appeal.[1]

(3)     We conclude that the Superior Court correctly imposed a minimum mandatory sentence of five years of unsuspended Level 5 incarceration under 11 *Del. C.* § 4205A(d)(1).  Section 4025A concerns additional penalties for serious sex offenders or pedophile offenders.  Subsection (d)(1) states that "[n]otwithstanding any provision of this chapter or any other laws to the contrary, the Superior Court, upon the State's application, shall sentence a defendant convicted of any crime set forth in § 769 or § 783(4) of this title to not less than 5 years to be served at Level V if the victim of the crime is a child less than 7 years of age."  It is undisputed that appellant was convicted under 11 *Del. C.* § 769 for unlawful sexual contact and that the victim was less than seven years old at the time of the offense.

(4)     Appellant, however, argues that because § 4205A(d)(1) does not contain similar language to other statutory provisions that impose minimum mandatory sentences, such as the habitual offender statute,[2] the Superior Court had discretion to suspend some or all of the five-year sentence required by Section 4205A(d)(1).  Appellant points out that other provisions in Title 11 that impose a

---

[1] *See* App. to Opening Br. at A404.

[2] The habitual offender statute states, for example, that "[n]otwithstanding any provision of this title to the contrary, any minimum sentence required to be imposed . . . *shall not be subject to suspension by the court, and shall be served in its entirety at full custodial Level V institutional setting without the benefit of probation or parole*[.]" 11 *Del. C.* § 4214(e) (emphasis added).

minimum mandatory sentence specifically state that the minimum sentence "shall not be subject to suspension."[3] The absence of that language in Section 4205A(d)(1) does not, as appellant argues, allow the Superior Court to suspend any portion of the five-year minimum sentence. Here, 11 *Del. C.* § 4204(d) controls. It states that "[n]otwithstanding anything in this Criminal Code to the contrary, probation or a suspended sentence shall not be substituted for imprisonment where the statute specifically indicates that a prison sentence is a mandatory sentence, a minimum sentence, a minimum mandatory sentence or a mandatory minimum sentence, or may not otherwise be suspended."[4] Section 4205A(d)(1) creates a minimum sentence for convictions under Section 769, and the trial court therefore did not have discretion to sentence appellant to anything less than five years of unsuspended Level 5 incarceration.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED and appellant's motion to correct an illegal sentence is DENIED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[3] *See* 11 *Del. C.* §§ 1448(e)(4), 4214(e).
[4] 11 *Del. C.* § 4204(d).